**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHERESE DAVIS<br>19 Lanfair Road<br>Cheltenham, PA 19012 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.:_____ |
| v. | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| SAP AMERICA, INC.<br>3999 West Chester Pike<br>Newtown Square, PA 19073 | : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

**CIVIL ACTION COMPLAINT**

Ms. Cherese Davis ("Plaintiff," or "Ms. Davis,") by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      Ms. Davis has initiated this action to redress violations by SAP America, Inc. ("Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. § 2000e et seq.); 42 U.S.C. § 1981, the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 et seq.), and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. § 951, et seq.).[1]

2.      Ms. Davis alleges, *inter alia*, that Defendant discriminated against her on the basis of her race/color by treating her differently than similarly situated employees. When Ms. Davis'

---

[1] Plaintiff intends to amend her instant lawsuit to include the same claims under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC") on or about October 28, 2026. Plaintiff's PHRA claims will mirror her federal claims averred herein.

complaints went unanswered, she was hindered from taking protected medical leave (to treat her worsening serious medical conditions) and was pretextually terminated a short time later.

3.      As a direct consequence of Defendant's unlawful actions, Ms. Davis seeks damages as set forth herein.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

5.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6.      Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7.      Ms. Davis filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

8.      Ms. Davis has properly exhausted her administrative remedies before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

**PARTIES**

9.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.    Ms. Davis is an African-American/Black adult female, with an address as set forth in the caption.

11.    Defendant is a Delaware business corporation with a principal place of business as set forth in the caption.

12.    Defendant is an international enterprise software and artificial intelligence solutions provider that employs over 10,000 employees.

13.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

14.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.    On or about July 22, 2019, Defendant hired Ms. Davis as an Engagement Manager.

16.    On or about December 16, 2022, Ms. Davis was promoted to Operations Director and remained employed in that role until Defendant unlawfully terminated her on or about July 15, 2025, as discussed herein.

17.    Throughout her nearly six (6) years of employment, Ms. Davis was a hard-working and dedicated employee and for the vast majority of her employment with Defendant, Ms. Davis was not subject to any discipline or performance-related concerns (until after she engaged in protected activity as discussed below).

3

18.    In fact, prior to August 2024 (when she was placed under a new manager), Ms. Davis received generally positive performance reviews each year and was even promoted to Director of Operations for North America BO.

19.    On or about August 1, 2024, Defendant unilaterally transferred Ms. Davis to report to Defendant's Head of Customer Success Revenue Operations-Americas Jessica Lamb ("Lamb") (Caucasian/White).

20.    Shortly after Defendant moved Ms. Davis to this less desirable role, her previous role and responsibilities (at which she had excelled) were re-assigned to a White/Caucasian employee.

21.    Lamb also immediately singled Ms. Davis out and treated her demonstrably worse than her non-African-American/Black colleagues.

22.    By way of example only, Ms. Davis, as the only African-American/Black employee reporting to Lamb, was not given proper training for her new role and routinely subjected to disparate treatment, increased scrutiny of her work, had policies selectively applied against only her, and other hostile conditions unlike similarly situated Caucasian/White employees.

23.    As a result, on or about December 3, 2024, Ms. Davis made a formal complaint to Defendant's HR about the ongoing race discrimination she was experiencing since being transferred to Lamb's supervision.

24.    During the pendency of the resulting HR investigation, and in an attempt to get away from Lamb and the ongoing discrimination she was facing, Ms. Davis applied for in excess of forty (40) internal positions that she was qualified for. Defendant did not select Ms. Davis for a single role.

4

25.    Desperate to get away from Lamb, Ms. Davis even applied for two roles that would have been effectively demotions. However, Defendant's HR told her she was not eligible due to the lower level of the roles.

26.    Upon information and belief, these positions were awarded to non-African-American/Black employees and Defendant (including Defendant's HR department) actively blocked Ms. Davis' transfer at every turn because she was viewed as a problem employee who complained about discrimination.

27.    In or about March 2025, Defendant's HR department concluded their "investigation" and determined that Ms. Davis' complaints of discrimination were unfounded and closed the case.

28.    Almost immediately thereafter, Lamb began a calculated campaign of retaliation against Ms. Davis, first denying her annual merit salary increase later in March 2025.

29.    As a result of the ongoing hostile working environment, Ms. Davis was suffering from severe and chronic migraines, and associated complications and symptoms, which she began treating with her medical provider in or about March 2025.

30.    Barely a month after HR found Ms. Davis' complaints to be "unsubstantiated," on or about May 6, 2025, Lamb presented Ms. Davis with an ultimatum. Either find a new role in the company, take a separation package, or be placed on a Performance Improvement Plan ("PIP").

31.    Lamb further informed Ms. Davis that if she was unable to secure a transfer and/or did not wish to separate from employment, she would be placed on a PIP. It was clear that Lamb was actively managing Ms. Davis out of her department and/or the company.

32. This was a targeted and calculated directive as: (1) Defendant had transferred Ms. Davis unilaterally into her new role; and (2) Ms. Davis had already applied for over three-dozen transfers, all of which had been denied.

33. Ms. Davis continued to apply for transfers, but as before, was actively blocked and/or not selected by Defendant.

34. On or around May 19, 2025, Ms. Davis notified Lamb of her intent to apply for FMLA and/or protected medical leave due to her own serious medical conditions.

35. Just three (3) days later, on or about May 22, 2025, Lamb then placed Ms. Davis on a bogus PIP.

36. When Ms. Davis again voiced concerns about unequal treatment based on her race/color and the bogus PIP to Lamb, Lamb told her she was being "passive aggressive" and that she should "mind her business" and "get over it."

37. In or about June 2025, Ms. Davis attempted to utilize federally protected medical leave (covered under the FMLA), but Lamb interfered and nastily told Ms. Davis that it was her responsibility to find her own backup coverage before she would be allowed to utilize any leave, thereby interfering with and discouraging Ms. Davis' exercise of protected FMLA rights.

38. Thereafter, on or about July 15, 2025, Lamb terminated Ms. Davis citing purported performance issues and an alleged lack of improvement on the PIP (a clear and foreseeable post hoc attempt to paper her file).

## COUNT I
### Violations of Title VII
### [1] Race/Color Discrimination; [2] Hostile Work Environment; [3] Retaliation

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     During Plaintiff's employment with Defendant, she was subjected to severe and/or pervasive disparate treatment, selective scrutiny, and derogatory treatment because of her race/color.

41.     The discriminatory and retaliatory conduct was pervasive, humiliating, undermined Plaintiff's ability to perform her job duties, and created an objectively hostile and abusive work environment.

42.     Based on the foregoing, Plaintiff avers that her race/color was a motivating or determinative factor in Defendant's decision to terminate her employment.

43.     Plaintiff also avers that Defendant terminated her in retaliation for making repeated complaints of what she reasonably believed to be race/color discrimination.

44.     These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

## COUNT II
### Violations of 42 U.S.C. § 1981
### [1] Race/Color Discrimination; [2] Hostile Work Environment; [3] Retaliation

45.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.     During Plaintiff's employment with Defendant, she was subjected to severe and/or pervasive disparate treatment, selective scrutiny, and derogatory treatment because of her race/color.

47.     The discriminatory and retaliatory conduct was pervasive, humiliating, undermined Plaintiff's ability to perform her job duties, and created an objectively hostile and abusive work environment.

48.     Based on the foregoing, Plaintiff avers that Defendant terminated her employment because of her race/color.

49.     Plaintiff also avers that Defendant terminated her in retaliation for making repeated complaints of what she reasonably believed to be race discrimination.

50.     These actions as aforesaid constitute unlawful discrimination and retaliation under 42 U.S.C. § 1981.

**COUNT III**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference and Retaliation)**

51.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

53.     Plaintiff had been employed by Defendant for at least twelve months pursuant to 29 U.S.C.A. § 2611(2)(A)(i) and notified Defendant, her employer, of her intent to take protected leave.

54.     Plaintiff had at least 1,250 hours of service with Defendant during her employment.

55.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

56.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

57.     Defendant committed violations of the FMLA by: (1) interfering with and hindering Plaintiff's ability to utilize her FMLA rights; (2) considering Plaintiff's FMLA requests and/or use of FMLA when making the decision to discipline her and/or terminate her employment; and (3) taking actions toward her that would dissuade a reasonable person from exercising her rights under the FMLA.

58.     These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be

9

appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:  _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: May 28, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Cherese Davis | : | CIVIL ACTION |
| v. | : | |
| SAP America, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                         (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                            (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                              (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x )

| | | |
|---|---|---|
| 5/28/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?        Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same  Yes ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?             Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DAVIS, CHERESE | SAP AMERICA, INC. |

| (b) County of Residence of First Listed Plaintiff  Montgomery | County of Residence of First Listed Defendant  Delaware |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury – Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / Liability | | [ ] 835 Patent – Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury – Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities – Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other / **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981);FMLA (29USC2601)

Brief description of cause:
Violations of Title VII, Section 1981, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

| DATE  5/28/2026 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____